UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

06 MAR -2 PM 4:38

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                                    CRIMINAL NO.: 3:06CR-24-R

ANTEC, INC.                                                 DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by David L. Huber, United States Attorney for the Western District of Kentucky, and defendant, ANTEC, Inc., and it's attorney, James Earhart, have agreed upon the following:

1. Defendant, through it's attorney, acknowledges that it has been charged in the Information in this case with violations of Title 33, United States Code, Sections 1319(c)(1)(A) and 1317(d).

2. Defendant, through it's attorney, has read the charges contained in the Information, and those charges have been fully explained to the Board of Directors by it's attorney. Defendant fully understands the nature and elements of the crime with which it has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 1 of the Information in this case. Defendant will plead guilty because it is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

> During a period of time on and prior to October 22, 2002, ANTEC, Inc., through it's agents, negligently violated the Clean Water Act by allowing its employees to discharge non-domestic hauled pollutants, namely chemical waste products, emptying into a sewer connected to the Morris-Forman sewage treatment plant, a publicly owned treatment works.

4. Defendant understands that the charges to which it will plead guilty carries a maximum fine of not less than $2500/day of violation, nor more than $25,000, or under the alternative fines act, $100,000 per violation.

5. ANTEC understands that by pleading guilty, it surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

> A. If ANTEC persists in a plea of not guilty to the charges, it has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or

not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict it unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.   At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in it's own behalf. If the witnesses for defendant would not appear voluntarily, it could require their attendance through the subpoena power of the Court.

    6.   Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the Information counts to which it pleads guilty.

    7.   Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the

assessment in the amount of $50.00 to the United States District Court Clerk's Office on the date of sentencing.

8. At the time of sentencing, the United States will

-recommend payment of a $100,000 fine suspended for a period of five years from date of entry of plea of guilty on the personal guarantee of William Oesteritter that the following conditions will be met:

(1) Payment of $30,000 to the Kentucky Department of Environmental Protection pursuant to the conditions set forth in paragraph 9.

(2) No violations of federal, state or local criminal statutes;

(3) No sales by the Corporation or its agents of the following chemicals;
   (a) lithium metal;
   (b) sodium metal;
   (c) ephedrine/pseudoephedrine.
   (d) red phosphorous; AND
   (e) Anhydrous Ammonia

(4) ANTEC will submit notice of any proposed sales of Iodine solutions and lithium aluminum hydride to Drug Enforcement Administration Diversion prior to sale.

(5) ANTEC agrees that sales of all chemicals shall be accompanied by written purchase records;

(6) ANTEC agrees to report all suspicious chemical orders (incl. cash customers and sales to non-business addresses) to the Drug Enforcement Administration; and

(7) ANTEC further agrees to supervision and inspection by the Drug Enforcement Administration, Diversion branch as to conditions (3), (4), (5) and (6).

9. To resolve the issues in the Kentucky Department of Environmental Protection Notices of Violation dated October 20, 2002, and December 12, 2002, the Defendant shall pay to the Kentucky Department for Environmental Protection $30,000 to be applied towards the Environmental and Public Protection Scholarship Fund established pursuant to the "State Funded Memorandum of Agreement between the Commonwealth of Kentucky, Environmental and Public Protection Cabinet, Department for Environmental Protection and University of Kentucky Research Foundation; July 1, 2004 - June 20, 2006."

Furthermore, the Defendant shall complete closure at the ANTEC, Incorporated (KYR 000 033 571) (AI# 50253) site pursuant to KRS Chapter 224 and the regulations promulgated pursuant thereto by June 20, 2006, pursuant to the specifications of the Kentucky Department for Environmental Protection. If the Defendant fails to comply with these requirements, then in addition to any other terms in this plea agreement, the release provided for liability pursuant to the above referenced Notices of Violation shall be null and void and the Kentucky Environmental and Public Protection Cabinet shall have the right to pursue any and all administrative or judicial action under KRS Chapter 224 and the regulations promulgated pursuant thereto.

10. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A.    The Applicable Offense Level should be determined as follows:

U.S.S.G. § 2Q1.3

```
  6   Base Offense Level (a)
 +6   ongoing violations (b)(1)(A)
 +4   Cleanup required (b)(3)
      (substantial expenditure)
 +4   Discharge without a permit (b)(4)
 ──
 20
 -3   Acceptance of Responsibility (3E1.1)
 ──
 17
```

11. Defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, defendant knowingly waives the right to appeal any sentence within the maximum provided in the statutes of conviction and the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. §3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement.

12. In the event the United States believes defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations. Whether or not defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In order to establish any breach

6

by defendant, the United States is entitled to rely on statements and evidence given by defendant and it's agents.

13. Defendant and the United States agree that in the event the Court concludes that defendant has breached the Agreement:

    (a) Defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

    (b) The United States will be free to make any recommendations to the Court regarding sentencing in this case;

    (c) Any evidence or statements made by defendant's agents will be admissible at any trials or sentencing;

    (d) The United States will be free to bring any other charges it has against defendant.

14. Defendant agrees to make a full and complete disclosure of his assets and financial condition, and agrees at any time to submit to an investigation by the Financial Litigation Unit of the United States Attorney's Office for the purpose of insuring prompt satisfaction of all fines, restitution, and special assessments resulting from his guilty plea.

15. Nothing in this Agreement shall protect defendant in any way from prosecution for any offense committed after the date of this Agreement.

16. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(e)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

17. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that it has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence including departures from the guidelines.

18. This document states the complete and only Plea Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and is binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID L. HUBER
United States Attorney

By: _____       __3-2-06_____
Randy Ream                                Date
Assistant U.S. Attorney


I have read paragraph 8 of this agreement and personally guarantee payment of $100,000 to the United States in the event that any of the conditions contained therein are violated by Antec, its agents or successors within five years of the date Antec enters its plea of guilty.    JAE

_____       __3/2/06_____
William N. Oesteritter, Sr.              Date


   I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____       __3-2-06_____
James A. Earhart                         Date
Counsel for Defendant


DLH:RR:ls:1/13/06

9